(No. 91-CV-2458—

AMY L. STOLOV, Claimant, *v.* THE STATE OF ILLINOIS, Respondent

*Order filed March 6, 1998.*

AMY L. STOLOV, *pro se.*

JIM E. RYAN, Attorney General (KIMBERLY M. PATE, Assistant Attorney General, of counsel), for Respondent.

## ORDER

RAUCCI, C.J.

This is a claim for additional compensation under the Crime Victims Compensation Act. (740 ILCS 45/1 *et seq.*) Claimant Amy L. Stolov, seeks additional compensation for loss of earnings, replacement cost of eyeglasses, and an additional award of $120 for pharmaceutical costs. The bulk of this claim relates to the Claimant's contention that this Court has improperly interpreted the statute in respect to the Claimant's lost wages. The Claimant contends that the computation of lost wages, based on an average net income for the six months prior to the incident, discriminates against the Claimant because at the time of the crime, the Claimant was attending college.

The Claimant asserts that her average earnings over the two and one-half months of the summer school vacation prior to her enrollment in the fall semester was $656.80 per month. Additionally, the Claimant contends that her lost earnings should have been based either on her wages before she began attending college, or on her wages during the two and one-half summer months prior to the crime. If computed on the basis of the two and one-half months over the summer, her total earnings should have been divided by two and one-half in order to determine the average monthly wage, instead of being divided by six to determine the average monthly wage over the period of six months prior to the crime.

The Claimant's contention regarding the amount due her for her broken eyeglasses ($315.49) is predicated upon the omission of that item from her initial claim. This supplemental claim was made by the Claimant without any objection by the Attorney General's Office.

At the hearing, the Claimant abandoned her claim for the additional $120 originally asserted at the commencement of the hearing.

The Claimant sought leave for an additional 45 days to submit to the Commissioner additional documentation to seek additional pharmaceutical and medical related costs incurred by the Claimant. Copies of these additional materials have been submitted to the Attorney General for review and recommendation, but are not sufficiently definitive to enable this Court to consider these supplemental matters for the purposes of this claim.

Section 2(h) of the Crime Victims Compensation Act (740 ILCS 45/2(h)) states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury. Had the General Assembly intended to make a different rule for persons employed only part of the six-month period, it could have so provided. We find the Claimant's theory of recovery has no basis in law or precedent, as this Court has applied the six-month period for earnings to all claims since the establishment of the Act in 1973.

The Claimant contends that the replacement cost of her broken eyeglasses totaled $315.49. It appears that the Claimant is entitled to the award for the eyeglasses, as there was no objection from the Attorney General.

It is therefore, ordered that the Claimant is awarded $315.49 as additional compensation under the Act.